FIRST BANK EAST, Respondent,

v.

Irving C. BOBELDYK, Appellant.

No. C4-86-242.

Court of Appeals of Minnesota.

July 22, 1986.

Review Denied Sept. 24, 1986.

Ralph L. Moore, Stein & Moore, St. Paul, for respondent.

David Essling, St. Paul, for appellant.

Heard, considered and decided by FORS-BERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment entered for respondent First Bank East on its claim demanding payment on a promissory note. Appellant Irving Bobeldyk's defense of usury was earlier stricken by order for partial summary judgment. We affirm.

## FACTS

Appellant is a self-employed real estate salesman, who borrowed funds from the respondent bank beginning in 1978. He obtained a number of loans, executing a promissory note on each occasion. After 1980, these notes represented renewal loans rather than new borrowing. The terms of the last four of these notes were as follows:

Feb. 15, 1981 — principal $38,000 interest 21%
Aug. 13, 1982 — principal $30,000 interest 17.5%
Aug. 31, 1983 — principal $21,825 interest 14.5%
Aug. 23, 1984 — principal $16,438.47 interest 16%.

The bank's records stated that its loans to Bobeldyk were for "working capital" or to finance the purchase of individual investment properties.

The bank sued and recovered a judgment on the last note. Appellant claims the loans were usurious.

## ISSUE

Did the trial court err in ruling that the rate of interest charged appellant was not usurious?

## ANALYSIS

Respondent First Bank East is a state-chartered, federally-insured bank. The bank admits that the interest rate on each of the loans was above that authorized by Minn.Stat. § 48.195 (1984) (bank regulation statute). It claims that that statute was pre-empted by the 1980 Federal Depository Institutions Deregulation and Monetary Control Act (DIDMCA). The trial court agreed. Under that act, the bank contends, the "most favored lender" status has been conferred on all federally-insured institutions, allowing them to charge the highest rate for interest allowed by state law. This maximum rate, it claims, is the 21.75% rate allowed under the Regulated Loan Act. Minn.Stat. § 56.131, subd. 1(2) (1984).

The 1980 deregulation statute provides as follows:

In order to prevent discrimination against State-chartered insured banks, including insured savings banks and insured mutual savings banks, or insured branches of foreign banks with respect to interest rates, *if the applicable rate prescribed in this subsection exceeds the rate such State bank or insured branch of a foreign bank would be permitted to charge in the absence of this subsection,* such State bank or such insured branch of a foreign bank may, notwithstanding any State constitution or statute *which is hereby preempted* for the purposes of this section, take * * * on any loan or discount made, or upon any note * * * interest at a rate of note more than 1 per centum in excess of the discount rate on ninety-day commercial paper * * * *or at the rate allowed by the laws of the State, territory, or district where the bank is located, whichever may be greater.*

12 U.S.C. § 1831d(a) (1982) (emphasis added).

Similar language appears in the 1864 National Bank Act:

Any association may take * * * on any loan or discount made, or upon any notes * * * interest *at the rate allowed by the*

*laws of the State, Territory, or District where the bank is located,* or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper * *, whichever may be the greater * * *.

*Id.* § 85 (emphasis added). The Supreme Court held that this language confers on national banks the same status as to permissible interest rates as that enjoyed by the "most favored lender" under applicable state law. *See Tiffany v. National Bank of Missouri,* 85 U.S. (18 Wall.) 409, 412, 21 L.Ed. 862 (1874).

■ Appellant argues that the 1980 statute does not evidence a congressional intent to extend the "most-favored lender" doctrine to state-chartered banks. There is a lack of case law on the issue. *See, e.g., Attorney General of Maryland v. Equitable Trust Co.,* 294 Md. 385, 390, 450 A.2d 1273, 1278 (1982) (trial court holding that statute extended "most favored lender doctrine" not challenged on appeal). Appellant's interpretation, however, is not supported by the available commentary and administrative construction. *See, e.g.,* 12 C.F.R. § 7.7310(a) (1986) (Comptroller of the Currency ruling); Arnold and Rohner, *The "Most-favored Lender" Doctrine for Federally Insured Financial Institutions—What Are Its Boundaries?* 31 Cath. L.Rev. 1 (1981); Burke and Kaplinsky, *Unraveling the New Federal Usury Law,* 37 Business Lawyer 1079 (1982). *But see* Comment, *Extension of the Most Favored Lender Doctrine under Federal Usury Law: A Contrary View,* 27 Vill.L.Rev. 1077, 1110 (1981–82) (Congress would have more clearly expressed a legislative intent to extend the doctrine). The Minnesota Commissioner of Banks, and the FDIC and the Federal Home Loan Bank Board have interpreted the 1980 statute as extending the "most-favored lender" status to state-chartered institutions.

Appellant also contends there is no preemption because "the applicable rate prescribed" in section 1831d is 1% over the discount rate, which does not exceed the 4½% over discount permitted under Minnesota law. *See* Minn.Stat. § 48.195. We believe, however, that the "rate prescribed" by section 1831d is the greater of the 1% over discount rate and the rate allowed under the "most-favored lender" doctrine. Any other reading would nullify the "most-favored lender" status.

The "most-favored lender" doctrine allows a lender to charge only the highest permissible rate within the same class or type of loan or credit. *See Attorney General of Maryland,* 450 A.2d at 1281–82, 1289–90 (credit card sales and consumer loans are not within the same class of financing for purposes of the "most-favored lender" doctrine).

Minnesota usury law is complex, setting interest rate ceilings not only as to classes of lenders but also as to types of loans. *See, e.g.,* Minn.Stat. § 48.195 (4½% over discount rate for banks); Minn.Stat. § 334.011 (4½% over discount rate for "business and agricultural loans"); Minn.Stat. § 52.14 (credit unions allowed 1% per month or the bank rate, whichever is greater).

■ The Regulated Loan Act does not apply to state or national banks, or other institutions specifically excluded. *See* Minn.Stat. § 56.002 (1984). It is not explicitly limited to consumer loans, nor does it exclude business loans. Despite its roots in the small loan laws enacted to combat abuses in the field of consumer, or "personal," financing, *see* Hubachek, *The Development of Regulatory Small Loan Laws,* 8 Law & Contemp.Prob. 108 (1941), and some provisions inappropriate to business lending, *see* Minn.Stat. §§ 56.14 (incorporating Truth-in-Lending disclosure requirements), 56.17 (assignment of wages), it establishes a classification based on the class of lender rather than the type of loan.

■ The Eighth Circuit in *Fisher v. First National Bank of Omaha,* 548 F.2d 255, 261 (8th Cir.1977), allowed a national bank, under the "most-favored lender" doctrine, to charge the interest rate allowed to small loan companies, under a law similar to that invoked here, on credit card transactions. Although this result has been criticized, *see Attorney General of Maryland,*

450 A.2d at 1289, we find no contrary authority. *Cf. Citizen's National Bank of Willmar v. Taylor,* 368 N.W.2d 913, 918 (Minn.1985) (lender did not claim it should be allowed the interest rate permitted small loan companies, conceding that the usury statute limiting business and agricultural loan rates applied).

Appellant's argument that respondent cannot charge the interest allowed under the Regulated Loan Act because it has not met the act's disclosure requirements is without merit. Even if the Comptroller of the Currency's ruling covering national banks applied to respondent as a state-chartered institution, the disclosure requirements are not "material to the determination of the interest rate," 12 C.F.R. § 7.7310(a). *See* Minn.Stat. § 56.14 (1) (delivery of Truth-in-Lending Act disclosure), (2) (delivery of statement of principal and interest).

### DECISION

The trial court did not err in determining that the interest rate charged was not usurious.

Affirmed.