Eldon H. DAHL, et al., Appellants,

v.

**LANESBORO STATE BANK,**
**Respondent.**

**No. CO–86–1548.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Review Denied March 25, 1987.

John M. Mulcahey, Petersen & Orwoll, Rochester, for appellants.

Thomas M. Manion, Jr., Herrick and Manion, Lanesboro, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

**OPINION**

POPOVICH, Chief Judge.

Appellants challenge a summary judgment dismissing their claim alleging re-

spondent charged usurious interest rates. They assert the trial court erred because respondent was limited to charging interest rates permissible under Minn.Stat. § 334.-011 (1982). We affirm.

## FACTS

Between January 16, 1981 and October 17, 1983, appellants Eldon H. Dahl and Jeanette M. Dahl obtained 14 agricultural loans from respondent Lanesboro State Bank, a state-chartered, federally-insured bank. The principal on each promissory note was less than $100,000 and interest rates ranged from 15% to 21%.

In September 1985, appellants sued respondent, alleging the interest rates were usurious, and seeking damages of twice the interest paid. Cross motions for summary judgment were heard in May 1986. By order filed June 9, 1986, the trial court denied appellants' motion and granted respondent summary judgment. Judgment was entered June 18, 1986, from which this appeal is taken.

## ISSUE

Did the trial court err in ruling the rate of interest charged was not usurious?

## ANALYSIS

Appellants claim the allowable interest rate on agricultural loans of less than $100,000 is exclusively determined by Minn. Stat. § 334.011 (1982). That statute states:

Notwithstanding the provisions of any law to the contrary a person may, in the case of a contract for the loan or forbearance of money, goods, or other things in action in an amount of less than $100,000 for business or agricultural purposes, charge interest at a rate of not more than four and one-half percent in excess of the discount rate on 90 day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district encompassing Minnesota.

Minn.Stat. § 334.011, subd. 1. The trial court found, and the parties agree, respondent charged in excess of that rate on each

of appellants' loans. Given this fact, appellants seek damages "equal to twice the amount of interest paid." *Id.* subd. 2.

Respondent argues it properly charged rates permissible under Minn.Stat. § 53.04 pursuant to the most favored lender doctrine. That statute gives industrial loan and thrift companies:

The right to extend credit or lend money and to collect and receive charges therefor as provided by chapter 334, or in lieu thereof to charge, collect, and receive interest at the rate of 21.75 percent per annum.

Minn.Stat. § 53.04, subd. 3a(a) (Supp.1983). All interest rates charged by respondent to these appellants anyway were less than 21.75%.

Appellants argue respondent is not entitled to charge the higher rate because (1) state-chartered, federally-insured banks such as respondent are not granted most favored lender status under 12 U.S.C. § 1831d (1982), (2) even if granted most favored lender status, the higher rates to not apply to agricultural loans, and (3) even if permitted to charge section 53.04 rates, respondent did not meet the licensing and lending requirements under chapter 53.

### 1. *Most Favored Lender Status.*

This court recently held state-chartered, federally-insured banks are granted most favored lender status. *See First Bank East v. Bobeldyk,* 391 N.W.2d 17, 19 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986); Yilek, *Usury and the Most Favored Lender Doctrine: An Important New Minnesota Decision,* Hennepin Law., Nov.–Dec. 1985, at 6 (reviewing *Bobeldyk* ).

### 2. *Section 53.04.*

■ "The 'most favored lender' doctrine allows a lender to charge only the highest permissible rate within the same class or type of loan or credit." *Bobeldyk,* 391 N.W.2d at 19. Minn.Stat. § 53.04, subdivision 3a(a) permits industrial loan and thrift lenders to charge 21.75% interest on loans made under chapter 334. Respondent argues the most favored lender doctrine al-

lows it to charge that same rate because it competes with industrial loan and thrift lenders in extending agricultural loans.

Appellants claim section 53.04 permits industrial loan and thrift companies to charge 21.75% interest on loans made pursuant to Minn.Stat. § 334.01 assigning a general usury rate, but not on loans made pursuant to section 334.011 which they claim exclusively establishes rates on agricultural loans. Appellants insist no lender may charge in excess of section 334.011 rates on agricultural loans.

To establish the exclusiveness of section 334.011, appellants rely on the supreme court's decision in *Citizen's National Bank of Willmar v. Taylor*, 368 N.W.2d 913 (Minn.1985), involving usurious interest rates on agricultural loans. The *Taylor* court found the lender liable for charging interest in excess of that permitted by section 334.011. But as noted in *Bobeldyk*, there the lender conceded section 334.011 applied and did not claim a higher interest rate was permissible. *Taylor*, 368 N.W.2d at 918; *see Bobeldyk*, 391 N.W.2d at 20.

Section 334.011 applies "[n]otwithstanding the provisions of any law to the contrary." That statute was enacted in 1976 and last amended in 1981. Section 53.04, subd. 3a(a), which states 21.75% interest may be charged "in lieu" of chapter 334 rates, was enacted in 1981 and amended in 1982, 1983, 1984 and 1985.

By its clear wording, section 53.04, subdivision 3a applies to all of chapter 334. Industrial loan and thrifts may therefore charge 21.75% interest on agricultural loans as could respondent under the most favored lender doctrine.

While we are mindful of the economic realities facing today's farmers, we are bound to apply the law as it is written. It is the role of the legislature to expressly determine if agricultural loans are to be excepted from the higher interest rates which may be charged by industrial loan and thrifts and most favored lenders.

3. *Licensing and Lending Requirements.*

Appellants argue respondent must comply with the licensing and lending requirements set forth in Minn.Stat. chapter 53 before charging interest rates authorized by that chapter. Section 53.04 states, "Nothing in this subdivision is deemed to supersede, repeal, or amend any provision of section 53.05." Minn.Stat. § 53.04, subd. 3a(a). Appellants claim respondent did not comply with the section 53.05 requirements and therefore could not charge the 21.75% rate.

Banks operating under the most favored lender doctrine need not adhere to state-imposed licensing and lending requirements. *See Evans v. National Bank of Savannah*, 251 U.S. 108, 111, 40 S.Ct. 58, 59, 64 L.Ed. 171 (1919) (the National Bank Act "adopts usury laws of the States only in so far as they severally fix the rate of interest"); 12 C.F.R. § 7.7310 (1986) (Comptroller of the Currency regulation requiring compliance only with state requirements "material to the determination of the interest rate"); *see also Bobeldyk*, 391 N.W.2d at 20 (most favored lender banks need not comply with disclosure requirements).

**DECISION**

The trial court properly determined the interest rates charged were not usurious.

Affirmed.