**FIRST STATE BANK OF RUSHMORE, Respondent,**

v.

**Martin VAN RULER, Appellant.**

**No. C5–86–1206.**

Court of Appeals of Minnesota.

March 24, 1987.

---

Laurence B. Hughes, Hedeen & Hughes, Worthington, for respondent.

George T. Qualley, Mendota Heights, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Respondent First State Bank of Rushmore sued appellant Martin Van Ruler for non payment of promissory notes. Respondent moved for summary judgment. The trial court took the matter under advisement and gave the parties more time to furnish briefs.

In June 1985, appellant retained different counsel. In an order dated September 3, 1985, the trial court granted summary judgment to respondent, ordered respondent to submit a statement of requested attorney fees to be awarded, and stayed the judgment. Appellant now moved for a new trial, raising, for the first time, the defense of usury.

On October 1, 1985, in a supplemental order, the court ordered attorney fees to be assessed against appellant, but then stayed entry of respondent's $89,000 judgment pending entry of its decision on appellant's motion for a new trial.

After hearing the motion for new trial, the court vacated its order granting summary judgment and granted appellant's motion to amend his answer to the complaint to assert the additional defense of usury. The trial court then confirmed all its previous orders, but ordered the action to go to trial on the merits on the single issue of appellant's defense of usury.

Prior to trial, appellant moved for summary judgment based on his affirmative

defense of usury. After an oral hearing on that motion, the trial court denied appellant's motion and now entered judgment in favor of respondent for $89,500, plus interest, ruling as a matter of law that respondent's claim was not precluded by reason of usury. Van Ruler appeals. We affirm.

## FACTS

Respondent First State Bank of Rushmore is a federally insured Minnesota state bank. Appellant's son Harvey, who is engaged in farming, was a customer of respondent.

During 1983, appellant executed several promissory notes to respondent in order that respondent would extend a loan to Harvey. Appellant's note in the amount of $87,000, dated October 12, 1983, became payable on April 12, 1984, with interest at 13.5%. Another note in the amount of $2500 at 14%, signed January 23, 1984, also became due on April 12, 1984. Appellant admitted that, at the time of his deposition on February 21, 1985, these two notes were past due, although respondent had made demand for payment. The federal discount rate at the times both notes were executed was 8.5%.

Appellant claims that respondent's action to recover on the notes must fail because the interest rate charged was usurious.

## ISSUE

Did the trial court err when it found that the interest rates respondent charged appellant were not usurious because respondent was a most favored lender?

## ANALYSIS

Appellant contends the maximum interest rate respondent could charge was exclusively governed by Minn.Stat. § 334.011 (1982):

> Notwithstanding the provisions of any law to the contrary a person may, in the case of a contract for the loan or forbearance of money, goods, or other things in action in an amount of less than $100,000 for business or agricultural purposes, charge interest at a rate of not more than four and one-half percent in excess of the discount rate on 90 day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district encompassing Minnesota.

Minn.Stat. § 334.011, subd. 1 (1982).

Respondent charged appellant interest at rates of 13.5% and 14%. Respondent agrees these rates exceeded the 13% rate permitted under § 334.011 (8.5% effective discount rate plus 4.5%), but claims that under the most favored lender doctrine,[1] Minn.Stat. Chapter 53 (1982) controls, not § 334.011, and it could charge up to 21.75%:

> Industrial loan and thrift companies, in addition to the general and usual powers incidental to ordinary corporations in this state, which are not specifically restricted in this chapter, shall have the special powers enumerated in subdivisions 2 to 6, which powers must be set forth in their articles of incorporation or amendments thereto.

Minn.Stat. § 53.04, subd. 1 (1982).

The statute gives industrial loan and thrift companies:

> [t]he right to make loans, secured or unsecured, at the rates and on the terms and other conditions permitted licensees under chapter 56. Loans made under the authority of chapter 56 must be in amounts in compliance with section 53.-05, clause (3), or 56.131, subdivision 1, paragraph (a), whichever is less. The right to extend credit or lend money and to collect and receive charges therefor as provided by chapter 334, or in lieu thereof to charge, collect, and receive interest at the rate of 21.75 percent per annum.

Minn.Stat. § 53.04, subd. 3a(a) (Supp.1983).

Respondent, a federally insured state chartered lender, has most favored lender status. *First Bank East v. Bobeldyk*, 391 N.W.2d 17 (Minn.Ct.App.1986), *pet. for rev.*

---

**1.** The most favored lender doctrine permits federally chartered state banks to charge and receive interest at the highest rate available to competing lenders under state law. *See generally* Yilek, *Usury and the Most Favored Lender Doctrine: An Important New Minnesota Decision,* Hennepin Law., Nov.–Dec. 1986.

*denied* (Minn. Sept. 24, 1986). In *Bobeldyk,* this court held that Minnesota state chartered, federally insured banks are granted most favored lender status, and thus may charge the highest permissible rate within the same class or type of loan or credit. *Id.* at 19.

Respondent argues that Minn.Stat. § 53.-04, read in conjunction with Chapter 56, preempts Minn.Stat. § 334.011 as to appellant's loan, and allows respondent to charge an interest rate up to 21.75%. Appellant disagrees and argues that this case is distinguishable from *Bobeldyk* because Minn.Stat. § 334.011 governs agricultural and business loans, which traditionally have been governed by specific federal and state statutes. We find respondent's argument and authority persuasive.

Appellant cites extensive lists of cases and legislative history as support for his contention that the most favored lender doctrine does not apply to § 334.011. On this issue, we follow *Dahl v. Lanesboro State Bank,* 399 N.W.2d 621 (Minn.Ct.App. 1987). In *Dahl,* a state chartered, federally insured bank charged interest ranging from 15% to 21% on agricultural loans of under $100,000. This court held that "[b]y its clear wording, section 53.04, subdivision 3a applies to all of chapter 334." Id. at 623. A federally insured state bank may therefore charge 21.75% interest on agricultural loans under the most favored lender doctrine. *Id.*

The most favored lender doctrine also applies in this case to appellant's agricultural loan. Since respondent could have charged an interest rate up to 21.75%, the rates charged appellant of 13.5% and 14% were not usurious.

## DECISION

The trial court did not err by holding the interest rates charged by respondent are not usurious.

Affirmed.