Pat SCHEMMEL, et al., Appellants,

v.

STATE BANK OF PENNOCK,
Respondent.

and

LaVerne WILKE, et al., Appellants,

v.

STATE BANK OF PENNOCK,
Respondent.

Nos. C8-87-383, CX-87-384.

Court of Appeals of Minnesota.

July 7, 1987.

C. David Nelson, Nelson and Obenland, Glenwood, for appellants.

Donald M. Spilseth, Anderson, Burgett & Spilseth, Willmar, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER, and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

These appeals are from summary judgments dismissing with prejudice appellants' causes of action alleging usurious interest rates on agricultural loans. Appellants claim the trial court erred because (1) federal usury statutes preempt Minnesota usury statutes and the most favored lender doctrine, (2) the most favored lender doctrine does not apply to agricultural loans, and (3) most favored lenders must comply with the lending and licensing requirements of Minn.Stat. § 56.131. We affirm.

## FACTS

Appellants Pat and Glennys Schemmel and LaVerne and Janice Wilke sued respondent State Bank of Pennock for charging allegedly usurious interest rates on their agricultural loans. The loans were made between March 1, 1983 and September 4, 1985.

The Schemmel's 13 loans had principal amounts ranging between $2620 and $200,000 and interest rates varying between 13.50% and 14.75%. Six of the loans had principals of $100,000 or more. Only a $180,000 loan at 14% interest remained outstanding.

The principal amounts on the Wilke's 15 loans ranged between $2620 and $200,000 and interest rates varied between 13.50% and 14.50%. Three of their loans had principals in excess of $100,000. A $170,000 loan at 14% interest was the only loan not repaid.

Appellants sought recovery of interest paid and statutory penalties pursuant to Minn.Stat. §§ 48.196 and 334.02. Respondent, a state-chartered, federally-insured bank, moved for summary judgment in each case. It claimed the interest rates charged, while greater than those permit-

ted by Minn.Stat. §§ 48.195 and 334.011, were less than the maximum rate permissible pursuant to the most favored lender doctrine. The trial court granted respondent's motions, holding the doctrine applied and the lending and licensing requirements of Minn.Stat. ch. 56 allegedly violated by respondent did not apply because the requirements were not material to the determination of the interest rate. These appeals are from December 1, 1986 summary judgments dismissing appellants' actions with prejudice.

## ISSUES

1. Did the trial court err in concluding the most favored lender doctrine permits state-chartered, federally-insured banks to charge 21.75% interest on agricultural loans?

2. Did the trial court err in concluding most favored lender banks need not comply with licensing and lending requirements?

## ANALYSIS

■ 1. Appellants claim respondent is not entitled to charge interest rates in excess of the floating rate permitted under Minn.Stat. §§ 48.195 and 334.011. They concede this court has correctly held 12 U.S.C. § 1831d extends the most favored lender doctrine to state-chartered, federally-insured banks. *See First Bank East v. Bobeldyk*, 391 N.W.2d 17, 19 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Sept. 24, 1986). They complain, however, that this court subsequently and incorrectly held that the doctrine applies to agricultural loans. *See VanderWeyst v. First State Bank of Benson*, 408 N.W.2d 208 (Minn.Ct. App.1987); *First State Bank of Rushmore v. Van Ruler*, 402 N.W.2d 637 (Minn.Ct. App.1987); *Dahl v. Lanesboro State Bank*, 399 N.W.2d 621 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Mar. 25, 1987).

The most favored lender doctrine is rooted in 12 U.S.C. § 85. *See Tiffany v. First National Bank of Missouri*, 85 U.S. (18 Wall.) 409, 21 L.Ed. 862 (1873). Appellants insist a 1979 amendment to 12 U.S.C. § 85 substantially changed the original statute as it relates to agricultural loans, thereby placing agricultural loans outside the scope of the most favored lender doctrine. *See* Act of Dec. 28, 1979, Pub.L. No. 96–161, 93 Stat. 1235. They fail, however, to note Congress subsequently amended 12 U.S.C. § 85 in 1980 to nullify the 1979 amendment. *See* Act of Mar. 31, 1980, Pub.L. No. 96–221, 94 Stat. 168.

Appellants claim 12 U.S.C. § 86a preempts the most favored lender doctrine.

*If the applicable rate prescribed in this section exceeds the rate a person would be permitted to charge in the absence of this section,* such person may in the case of a business or agricultural loan in the amount of $1,000 or more, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any such loan, interest at a rate of not more than 5 per centum in excess of the discount rate, including any surcharge thereon, on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the person is located.

12 U.S.C.A. § 86a(a) (West Supp.1987) (emphasis added) (applies only to loans made between April 1, 1980 and April 1, 1983). While appellants assert this section limits the rate of interest permitted to be charged on agricultural loans, by its specific language section 86a instead permits a greater rate of interest to be charged than that allowed under state statutes.

We affirm our previous holding most favored lender banks may charge 21.75% interest on agricultural loans. *See also Walsh v. First State Bank of Pennock,* ⸺ N.W.2d ⸺ (Minn.Ct.App. July 7, 1987).

■ 2. Appellants claim respondent was prohibited from charging interest rates permitted by the most favored lender doctrine because the bank failed to comply with the transaction requirements of Minn. Stat. § 56.131. This court has held repeatedly that most favored lenders need not comply with licensing and lending requirements that are not material to the determination of the interest rate. *See*

*VanderWeyst,* 408 N.W.2d at 211; *Dahl,* 399 N.W.2d at 623; *Bobeldyk,* 391 N.W.2d at 20; *see also Walsh,* — N.W.2d at ——.

## DECISION

The trial court properly granted summary judgments.

Affirmed.