Patrick J. WALSH, et al., Appellants,

v.

**FIRST STATE BANK OF PENNOCK, Respondent.**

Charles HEIMARK, Jr., Appellant,

v.

**NORWEST BANK MONTEVIDEO, Respondent.**

Nos. C5–87–339, C6–87–379.

Court of Appeals of Minnesota.

July 7, 1987.

Review Granted Sept. 23, 1987.

Scott B. Lundquist, Austin & Roth, Minneapolis, Michael D. Miller, Edina, for appellants.

Donald M. Spilseth, Anderson, Burgett & Spilseth, Willmar, for respondent First State Bank of Pennock.

David Minge, Nelson, Oyen, Torvik, Minge & Gilbertson, Montevideo, for respondent Norwest Bank Montevideo.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

These appeals are from trial court summary judgments holding respondent state-chartered, federally-insured banks did not charge usurious interest rates on appellants' agricultural loans. Appellants

Walsh and Heimark claim the trial court erred because (1) Minn.Stat. § 334.011 exclusively determines the maximum interest rate permitted to be charged on agricultural class loans, and (2) 12 U.S.C. § 1831d does not extend the most favored lender doctrine to state-chartered, federally-insured banks making agricultural loans. Appellants Walsh additionally argue respondent bank improperly failed to comply with Minn.Stat. chs. 53 and 56 lending requirements. We affirm.

## FACTS

Appellants Patrick J. and Kathryn Walsh sued respondent State Bank of Pennock, alleging they were charged usurious interest rates on 13 agricultural loans made between January 6, 1984 and February 4, 1986. Principal amounts ranged between $1000 and $70,000 and interest rates varied between 13% and 14.75%. Only a single loan remained outstanding.

Appellant Charles Heimark, Jr. sued respondent Norwest Bank Montevideo for allegedly charging usurious interest rates on three agricultural loans made between March 20, 1984 and April 16, 1985. Principal amounts ranged between $10,000 and $15,000 and interest rates varied between 13.5% and 14.5%. Each loan was repaid.

Appellants sought recovery of interest paid and statutory penalties pursuant to Minn.Stat. §§ 48.196 and 334.02. Respondents conceded the interest rates charged exceed those permitted under Minn.Stat. §§ 48.195 and 334.011, but moved for summary judgments based on application of the most favored lender doctrine which permits a maximum interest rate in excess of those charged. Appellants moved for partial summary judgments. The trial courts denied appellants' motions and granted respondents summary judgments, holding usurious interest rates were not charged. Appeals are from the summary judgments.

## ISSUES

1. Does Minn.Stat. § 334.011 exclusively limit interest rates on agricultural loans?

2. Does 12 U.S.C. § 1831d extend the most favored lender doctrine to state-char-

tered, federally-insured banks making agricultural loans?

3. Must most favored lender banks comply with the licensing and lending requirements of Minn.Stat. chs. 53 and 56?

## ANALYSIS

■ 1. Appellants Walsh and Heimark claim Minn.Stat. § 334.011 is the exclusive authority controlling interest rates chargeable on agricultural loans. They assert *no* lender, whether a national bank, a state-chartered bank, a savings and loan, or an industrial loan and thrift, can charge more than the floating rate established in section 334.011. Section 334.011 is not the exclusive determiner of agricultural loan interest rates. *See VanderWeyst v. First State Bank of Benson,* 408 N.W.2d 208 (Minn.Ct. App.1987); *Dahl v. Lanesboro State Bank,* 399 N.W.2d 621 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Mar. 25, 1987); *see also Schemmel v. State Bank of Pennock,* 408 N.W.2d 698 (Minn.Ct.App.1987). Industrial loan and thrifts may charge 21.75% on agricultural loans. *See VanderWeyst,* 408 N.W.2d at 210; *Dahl,* 399 N.W.2d at 623; Minn.Stat. § 53.04. Therefore, state-chartered, federally-insured banks may also charge that rate pursuant to the most favored lender doctrine. *See Vander-Weyst,* 408 N.W.2d at 210; *Dahl,* 399 N.W.2d at 623; *see also First State Bank of Rushmore v. Van Ruler,* 402 N.W.2d 637, 639 (Minn.Ct.App.1987).

■ 2. Appellants Walsh and Heimark claim Congress did not intend to extend the most favored lender doctrine to state-chartered, federally-insured banks when it enacted the Depository Institutions Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1831d (1980) (DIDMCA). This court has held to the contrary. *See Van Ruler,* 402 N.W.2d at 638–39; *Dahl,* 399 N.W.2d at 622; *First Bank East v. Bobeldyk,* 391 N.W.2d 17, 19 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986). Appellants request those decisions be overruled.

Their argument concentrates on the language of 12 U.S.C. § 85. Appellants assert

that section contains an allowance clause, allowing national banks to charge a floating interest rate, and an exception clause, which allows national banks to charge rates permitted to be charged by state-chartered banks. They argue that while the allowance clause language appears in 12 U.S.C. § 1831d, the exception clause language does not. Appellants insist that because the most favored lender doctrine has its roots in the exception clause, the absence of that language in section 1831d prohibits extension of the doctrine to state-chartered, federally-insured banks. *See Marquette National Bank of Minneapolis v. First Omaha Service Corp.*, 439 U.S. 299, 308 n. 19, 99 S.Ct. 540, 545 n. 19, 58 L.Ed.2d 534 (1978).

This same argument was raised in *VanderWeyst v. First State Bank of Benson* and was found meritless. *See* 408 N.W.2d at 210. We find no reason to overrule this court's previous holding.

Alternatively, appellants argue the most favored lender doctrine has been extended to state-chartered, federally-insured banks, but not to residential mortgages, business loans or agricultural loans. They concentrate on Title V of DIDMCA entitled "State Usury Laws," which is divided into three parts: part A refers to residential mortgages, part B refers to business and agricultural loans and expired April 1, 1983 (12 U.S.C. § 86a), and part C refers to other loans (12 U.S.C. § 1831d). Appellants assert the language in part C used to extend the most favored lender doctrine does not apply to parts A and B, and hence not to agricultural loans.

The *Walsh* trial court concluded:

Part C of Public Law 96–221, although denominated "other loans," is not limited as to the type of loan made. It is limited as to the class of lender making the loan, and that class is to "state chartered, insured banks" such as the defendant State Bank of Pennock. A state chartered, insured bank may charge on "any loan" a rate not to exceed one percent in excess of the Federal Reserve Discount Rate on 90–day commercial paper or the rate allowed by the laws of the state where the bank is located, whichever may be greater. As a qualifying state chartered, insured bank, the defendant is authorized to make loans at the maximum rate allowed for competing lenders authorized to make similar loans. * * *

Since the provisions of Sec. 1831d are permanent in nature as contrasted with the Part B, business and agricultural loan section, which was a temporary provision for three years, and since 1831d specifically preempts state law, the limitations contained in M.S. 334.011 for agricultural loans less than $100,000, the four and a half percent in excess of the discount rate on 90–day commercial paper is not applicable under the Most Favored Lender Doctrine.

The *Heimark* trial court concluded:

[S]ince the Regulated Loan Act does not extend a higher interest rate to a separate class of loan, a state-chartered, federally insured bank under the MFLD in 12 USC 1831d(a) is allowed to charge up to 21.75 percent on a loan, whether it is for consumer, business or agricultural purposes.

We agree with these trial courts that appellants' argument is without merit.

■ 3. Appellants Walsh claim respondent State Bank of Pennock could not charge 21.75% interest pursuant to the most favored lender doctrine without complying with the lending requirements of Minn.Stat. §§ 53.05 and 56.131. This court has held repeatedly most favored lender banks need not adhere to licensing and lending requirements not material to the determination of the interest rate. *See Schemmel*, 408 N.W.2d at 700; *VanderWeyst*, 408 N.W.2d at 211; *Dahl*, 399 N.W.2d at 623; *Bobeldyk*, 391 N.W.2d at 20.

## DECISION

The trial courts properly granted summary judgments.

Affirmed.