James VanderWEYST, et al.,
Appellants,

v.

FIRST STATE BANK OF
BENSON, Respondent,

and

John DeVAAN, et al., Appellants,

v.

FIRST STATE BANK OF
BENSON, Respondent.

Nos. C4–87–283, C8–87–285.

Court of Appeals of Minnesota.

June 23, 1987.
Review Granted Sept. 29, 1987.

Scott B. Lundquist, Austin & Roth, Minneapolis, Michael D. Miller, Edina, for appellants.

John W. Riches II, Benson, for respondent.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY *, JJ.

## OPINION

MULALLY, Judge.

Appellants sued respondent claiming the rates charged on various agricultural loans were in excess of the limits prescribed by statute and therefore usurious, and sought compensatory, punitive, and penalty damages. Respondent claimed application of the "most favored lender" doctrine excused interest rate charges in excess of those prescribed by Minn.Stat. §§ 334.011 and 48.195.

In both cases, the parties cross-moved for summary judgment. In each case, the trial court granted summary judgment to the respondent bank. Due to the similarity of issues, these cases were consolidated by order of the court. We affirm in part and reverse in part.

## FACTS

The facts of this case are undisputed. Respondent bank is a federally insured, state chartered bank. From November, 1983 to October, 1985, appellants Vander-Weyst obtained various agricultural loans from respondent. The 20 notes ranged in amount from $5,432.00 to $34,467.00, with interest rates ranging from 11.85% to 16%.

From April, 1983 to March, 1984, appellants DeVaan obtained four agricultural loans from respondent. Three of the loans were for $150,000, with an interest rate of 15% on each loan.

Appellants sued respondent, alleging the interest rates charged on the various loans were usurious, and sought damages pursu-

ant to 12 U.S.C. § 86 (1982), and Minn.Stat. §§ 48.196 and 334.011, subd. 2 (1982). Respondent defended on the basis of their "most favored lender" status, which permitted them to charge interest in excess of the limitations prescribed in Minn.Stat. §§ 334.011, subd. 1 and 48.195 (1982). There being no issues of material fact in dispute, the parties cross-moved for summary judgment. In both cases the trial court granted summary judgment to the bank.

The trial court found, and respondent agreed, that the interest rates charged on the loans were in excess of four and one-half percent over the federal discount rate in effect at the time each loan was entered into. However, the court found that the bank was accorded most favored lender status by virtue of the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA), Pub.L. No. 96–221, § 521, 94 Stat. 164 (as amended Mar. 31, 1980), and therefore was able to incorporate from Minnesota Statutes, chapters 53 and 56, the rate of 21.75%. Since the interest rates charged by respondent bank were less than 21%, the court reasoned, there was no usury.

In both cases, the trial court awarded respondent bank attorney's fees. Respondent had made a claim for attorney's fees based on a claim of bad faith litigation under Minn.Stat. § 549.21 (1984). The court rejected respondent's request for attorney's fees based on § 549.21, but awarded fees based on a contractual claim found by the court to be within the language of the promissory notes.

## ISSUES

1. Did the trial court err in ruling that the rates of interest charged appellants were not usurious?

2. Did the trial court have subject matter jurisdiction to award attorney's fees?

## ANALYSIS

### I.

Appellants claim the allowable interest rate on agricultural loans of less than

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

$100,000 is exclusively determined by Minn. Stat. § 334.011. Section 334.011 states in part:

Notwithstanding the provisions of any law to the contrary a person may, in the case of a contract for the loan or forbearance of money, goods, or other things in action in an amount of less than $100,000 for business or agricultural purposes, charge interest at a rate of not more than four and one-half percent in excess of the discount rate on 90 day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district encompassing Minnesota.

Minn.Stat. § 334.011, subd. 1 (1982).

Appellants claim the rate allowed for loans of more than $100,000 is exclusively determined by Minn.Stat. § 48.195. Section 48.195 deals with "any loan(s)" and is worded essentially the same as 334.011, subd. 1, allowing four and one-half percent in excess of the discount rate in effect at the time, on 90 day notes of over $100,000. Minn.Stat. § 48.195. The trial court found, and the parties agree, respondent charged in excess of those rates on appellants' loans. Given this fact, appellants seek those damages available under sections 334.011, subd. 2, and 48.196 (an amount equal to twice the amount of interest paid).

Respondent argues that pursuant to the most favored lender doctrine, it properly charged rates permissible under Minn.Stat. § 53.04. Section 53.04 states:

Industrial loan and thrift companies, in addition to the general and usual powers incidental to ordinary corporations in this state, which are not specifically restricted in this chapter, shall have the special powers enumerated in subdivisions 2 to 5.

Minn.Stat. § 53.04, subd. 1 (1982). Subdivision 3a(a) of section 53.04 permits industrial loan and thrift lenders to charge 21.75% interest on loans made under chapter 334. Minn.Stat. § 53.04, subd. 3a(a) (1982). All interest rates charged by respondent were less than 21.75%.

Appellants claim respondent is not entitled to charge the rate permissible under section 53.04, subd. 3a(a) because (1) state chartered, federally insured banks such as the respondent are not granted most favored lender status under DIDMCA, (2) even if granted most favored lender status, respondent cannot charge section 53.04 rates on agricultural loans, and (3) even if permitted to charge section 53.04 rates, respondent did not meet the requirements under chapter 53 because it violated the restrictions as enumerated in Minn.Stat. § 56.131 (1982).

As to appellants' first argument, in *First Bank East v. Bobeldyk*, 391 N.W.2d 17 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986), this court clearly established that DIDMCA preempts state usury law insofar as it extends most favored lender status to state chartered, federally insured banks. *Id.* at 19.

The appellant in *Bobeldyk* argued, as do appellants here, that DIDMCA did not evidence a congressional intent to extend the most favored lender doctrine to state chartered banks. Noting the lack of case law on this issue, this court followed the available commentary and administrative constructions of the statute, and held that DIDMCA extended most favored lender status to state chartered banks. *Id.* at 19. Appellants concede that this is the holding of *Bobeldyk*, but argue that it is "horrendous" law that should be overruled or at least limited to loans other than business and agricultural loans. This argument has little merit.

If this court overrules its decision in *Bobeldyk*, it must also overrule two more recent decisions, *Dahl v. Lanesboro State Bank*, 399 N.W.2d 621 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Mar. 25, 1987), and *First State Bank of Rushmore v. Martin Van Ruler*, 402 N.W.2d 637 (Minn. Ct.App.1987). *Dahl* and *Van Ruler* reiterate the *Bobeldyk* holding in finding that the most favored lender doctrine applies to agricultural loans.

Furthermore, and as stated in *Bobeldyk*, a reading of the available commentary and construction by administrative agencies charged with enforcing DIDMCA (the Federal Deposit Insurance Corp., Federal

Home Loan Bank Board and the National Credit Union Administration) support this court's interpretation of DIDMCA as extending most favored lender status to the respective categories of depository institutions. *See Bobeldyk,* 391 N.W.2d at 19.

Contrary to appellants' second argument, respondent bank is permitted to charge interest on agricultural loans as prescribed in Section 53.04 under the most favored lender doctrine. As stated in *Bobeldyk,* "the 'most favored lender' doctrine allows a lender to charge only the highest permissible rate within the same class or type of loan or credit." *Id.* at 19. Minn.Stat. § 53.04, subdivision 3a(a), permits industrial loan and thrift lenders to charge 21.75% interest on loans made under Chapter 334. Appellants argue that the language "notwithstanding any law to the contrary" in §§ 334.011 and 48.195 precludes application of the most favored lender doctrine and allowance of rates pursuant to chapter 53, by exclusively establishing the interest rate on agricultural and business loans.

■ Section 334.011 was enacted in 1976 and last amended in 1981. Section 48.195 was enacted in 1980 and last amended in 1982. Section 53.04, subd. 3a(a) was amended in 1983 and 1985. Based on time of amendment, it is clear section 53.04 applies to chapters 334 and 48 and permits respondent to charge 21.75% interest. *See* Minn.Stat. § 645.33 (1982).

Finally, we must reject appellants' argument that respondent bank was required to abide by the restrictions set forth in chapters 53 and 56. Under federal regulations, a lender exercising most favored lender status is

> subject only to the provisions of state law relating to [the class of loan made] that are *material to the determination of the interest rate.*

12 C.F.R. § 77310(a) (1978) (emphasis added).

Section 53.04, subd. 3a(a) allows a loan and thrift company to make loans under chapters 334 and 56. That is, § 53.04 allows loan and thrift companies to utilize the 21.75% interest rate prescribed in § 56.131. Section 56.002 states that the company must "comply with all other provisions of this chapter when contracting for or receiving charges on loans regulated by this chapter." Minn.Stat. § 56.002 (1982). Those "other provisions" include the restrictions listed in § 56.131, which involve the manner of calculating interest, prohibitions against splitting, and attorney's fee restrictions. Minn.Stat. § 56.131 (1982).

Appellants argue that respondent violated many of the § 56.131 restrictions and therefore most favored lender status does not apply. The available case law and commentary on the nature and extent of the most favored lender doctrine does not support this assertion. *See Evans v. National Bank of Savannah,* 251 U.S. 108, 111, 40 S.Ct. 58, 59, 64 L.Ed. 171 (1919) (the National Bank Act adopts usury laws of the states only insofar as they severally fix the rate of interest); *National Bank v. Johnson,* 104 U.S. (14 Otto) 271, 277, 26 L.Ed. 742 (1881); *see also* Arnold and Rohner, *The "Most Favored Lender" Doctrine for Federally Insured Financial Institutions—What Are Its Boundaries?* 31 Cath.U.L.Rev. 1 (1981); Burske and Kaplinsky, *Unraveling the New Federal Usury Law,* 37 Bus.Law. 1079 (1982). Further, *Bobeldyk* held that the bank could use the rates authorized by the Regulated Loan Act without being required to comply with the Act's disclosure requirements because such requirements were not material to the determination of the interest rate, *Bobeldyk,* 391 N.W.2d at 20.

■ The only restrictions by which respondent was obliged to abide were those "material to determination of the interest rate." The restrictions appellants claim were violated here involve loan-splitting and attorney's fees. Since neither of those restrictions is relevant to a determination of the interest rate, their violation would not preclude application of the most favored lender doctrine to this case.

## II.

Appellants object to the trial court's award of attorney's fees to respondent. At the time of the trial court's decisions, each

of the notes had been paid with interest. As stated previously, while in each case respondent requested an award of attorney's fees, such request was based on a claim of bad faith litigation under Minn. Stat. § 549.21 (1986).

The trial court declined to exercise its discretion to award attorney's fees under the statute, but rather, awarded fees based on a contractual claim which the court found to be within the language of the promissory notes. In each case the court stated:

> * * * the Court declines to exercise its discretion to award attorney fees under Minn.Stat. Sec. 549.21: however, the Court notes that each promissory note includes a provision for the payment by the borrower of the bank's reasonable attorney fees as a cost of collection. The Court considers the defense of these claims to be a cost of collection to the defendants.

■ Respondent bank had not asserted a claim for attorney's fees based on such a provision. Appellants contend that since such a claim had never been pleaded, the court lacked subject matter jurisdiction to base an award on this provision. We are persuaded that the court had subject matter jurisdiction relative to an award of attorney's fees under either Minn.Stat. § 549.21, or pursuant to the provisions of the notes. However, the trial court declined to make an award under the statute, and we are of the opinion that since the notes had been fully paid, the trial court erred in considering the bank's defense of the usury claims to be a cost of collection.

## DECISION

The trial court correctly determined that interest rates charged appellants were not usurious. DIDMCA preempts state usury laws and extends most favored lender status to all federally insured institutions, which allows a lender to charge the highest permissible rate within the same class of loan, so long as the lender abides by all restrictions material to the determination of the interest rate.

The trial court erred in awarding attorney's fees to respondent.

Affirmed in part, reversed in part.